(Supreme Court, Special Term, Onondaga County.    May, 1899.)

EXECUTORS AND ADMINISTRATORS—DEED OF TRUST—EXPENSES OF SICKNESS AND FUNERAL—PAYMENT.
    Where one executes a deed of trust directing the income, and, if necessary, the principal, to be applied to payment of his debts, and on his death the principal to be divided between his wife and mother, and he dies leaving personalty not belonging to the trust estate, also income in the trustee's hands, expenses of his last sickness and burial incurred by the mother are to be first paid out of the personalty and the income, rather than out of moneys derived from sale of realty, also in the hands of the trustee.

In the matter of the final settlement of the accounts of Frederick W. Barker, as trustee of Alonzo C. Yates, deceased.

C. W. Andrews, for Sarah A. Yates.

Alexander D. Jenney, for Leila M. Yates.

HISCOCK, J.    Mr. Barker was appointed trustee, under a trust deed executed by Alonzo C. Yates and Leila M. Yates, his wife.    Under the trust deed he was to apply the income, and, if necessary, any part of the principal of the estate conveyed to him, to the payment of certain indebtedness existing against said Alonzo at the time of the conveyance.    He was to invest the balance, and pay the income to Alonzo C. during his lifetime.    Upon the death of said Alonzo C., he was to pay the principal of such estate, in case of no issue surviving him, one-half to the wife and one-half to the mother.    At the time he

died, the trustee had in his possession $4,933.18, of which $254.69 was income of the trust property, and the balance was derived from the sale of certain real estate conveyed to him under the trust deed. In addition to this, the deceased left a personal estate amounting to at least $1,000, of which no administrator has been appointed.    The mother and her son-in-law made disbursements, claimed to amount to between $1,600 and $1,700, in connection with the sickness, death, and burial of her son.    She seeks to have these expenses reimbursed to her out of the funds in question, and the wife opposes it.    The mother, who proposes to accept the benefits of the provisions made in the trust deed in her behalf with reference to the disposition of the principal remaining on hand at the death of her son, is certainly in no position to dispute its validity.    Under the terms of the deed, and all of the surrounding facts, as presented to me by the stipulation of the parties, I think that the income in the hands of the trustee, subject to his proper claims, is applicable to the payment of the expenses in question, but that the balance of the fund which stands in the place of the real estate which produced it is not applicable to the payment of such expenses, at least until the personal estate of the deceased has been exhausted in the payment of those funeral expenses and charges which are proper.    If any question arises as to the propriety of any of those charges, it can be settled hereafter.